ORIGINAL

FILED
DEC 1 7 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO VELA-BECERRA<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 09-1610GT<br>Cr. No. 07-0581GT<br><br>ORDER |

On July 24, 2009, Petitioner, Rigoberto Vela-Becerra ("Mr. Vela"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). The Court has fully consider the matter including a review of the case file, the brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Vela's Motion is **DENIED**.

On April 4, 2007, Mr. Vela pled guilty, pursuant to a written plea agreement, to three counts of Illegal Entry, one misdemeanor and two felonies, in violation of 8 U.S.C. §1325. The Court sentenced Mr. Vela to a total of 48 months in prison and one year supervised release. Mr. Vela now argues that his conviction of three counts of illegal entry violates the Double Jeopardy Clause and should be vacated. This is incorrect.

//

First, Mr. Vela pled guilty, pursuant to a written plea agreement, to three counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Vela explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Vela expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Vela is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Vela had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. Mr. Vela argues that he only came across the border once but was charged with three separate counts for this one act and this violates the Double Jeopardy Clause. This is incorrect. Mr. Vela pled guilty to three separate dates of illegal entry, not just one date. Mr. Vela's plea agreement states that he "specifically admits and agrees that, on the dates alleged in Counts One, Two and Three of the Information" that he illegally entered the United States. The dates alleged in the Information are Septemeber of 1987 for Count One, December of 1999 for Count Two and February 9, 2007 for Count Three. Since Mr. Vela specifically pled guilty to illegal entry on three separate dates, the Double Jeopardy Clause was not violated. Hence, Mr. Vela's argument that his plea violates the Double Jeopardy Clause fails. Accordingly,

**IT IS ORDERED** that Mr. Vela's Motion is **DENIED**.

Dec. 17, 2010
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter